**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHAMBERS OF<br>**ESTHER SALAS**<br>UNITED STATES DISTRICT JUDGE | MARTIN LUTHER KING<br>COURTHOUSE<br>50 WALNUT ST.<br>ROOM 5076<br>NEWARK, NJ 07101<br>973-297-4887 |

November 10, 2021

**<u>LETTER ORDER</u>**

**Re:** *Trustees of International Union of Painters and Allied Trades District Council 711 Health & Welfare Fund, et al. v. Independent Wallcovering, Inc.*
**Civil Case No. 20-7084 (ES)(MAH)**

Dear counsel,

Before the Court is an unopposed motion for default judgment filed by all plaintiffs (collectively, "Plaintiffs") against defendant Independent Wallcovering, Inc. ("Independent") pursuant to Federal Rule of Civil Procedure 55(b)(2). (D.E. No. 16 ("Motion")). Plaintiffs filed their amended complaint on July 23, 2020. (D.E. No. 7 ("Amended Complaint" or "Am. Compl.")). The Clerk of Court entered default on September 28, 2020. On March 19, 2021, Plaintiffs filed the instant Motion. For the reasons set forth below, Plaintiffs' Motion is DENIED.

This case arises from Independent's alleged breach of contract. Plaintiffs are three employee benefit plans within the meaning of the Employee Retirement Income Security Act ("ERISA") (collectively, the "Funds"[1]); the trustees of the Funds (collectively, the "Trustees"[2]), and International Union of Painters and Allied Trades District Council 711 (the "Union"). (Am. Compl. ¶¶ 5–8). The Funds are labor-management trust funds organized and operated pursuant to a Trust Agreement and Collective Bargaining Agreement ("CBA") in accordance with § 302(c)(5) of the Labor Management Relation Act ("LMRA"). (Am. Compl. ¶¶ 5–7); 29 U.S.C. § 186(c)(5). Because Independent allegedly failed to meet its obligations under the CBA, Plaintiffs initiated the instant action alleging various claims for breach of contract. (*Id.*).

In Count I, Plaintiffs allege that Independent failed to provide a $50,000.00 surety bond pursuant to the CBA. (*Id.* ¶¶ 20–26). Plaintiffs ask the Court to order Independent to post the surety bond, refrain from further breach, perform its obligations under the CBA, and pay

---

[1] The Funds are International Union of Painters and Allied Trades District Council 711 Health & Welfare Fund, International Union of Painters and Allied Trades District Council 711 Vacation Fund, and Painters District Council 711 Finishing Trades Institute.

[2] The Trustees are Trustees of International Union of Painters and Allied Trades District Council 711 Health & Welfare Fund, Trustees of International Union of Painters and Allied Trades District Council 711 Vacation Fund, and Trustees of Painters District Council 711 Finishing Trades Institute.

reasonable attorney's fees and costs. (*Id*. ¶¶ 19–33). In Count II, Plaintiffs allege that Independent had failed to permit Plaintiffs to audit its records and to determine the amount of fringe benefit contributions owed as required by the CBA. (*Id*. ¶¶ 34–38). As relief, Plaintiffs seek an audit of "all records under the actual or constructive control" of Independent or other methods to determine the amount of contributions due. (*Id*. ¶ 39). In Counts III and IV, Plaintiffs allege that Independent failed to provide fringe benefit contributions and dues check-offs as required by the CBA. (*Id*. ¶¶ 41 & 45). Plaintiffs seek contributions and dues as determined after the audit, as well as liquidated damages, interests, costs, and fees. (*Id*. ¶¶ 43 & 47). Finally, in Count V, the Plaintiffs seek to "[p]ermanently restraint and enjoin [Independent] from continuing to violate the terms of the current CBA . . . ." (*Id*. ¶ 51).

Under Federal Rule of Civil Procedure 55, the Court may enter default judgment against a party that fails to answer or otherwise defend against claims asserted against it after the moving party obtains an entry of default. *See Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club*, 175 F. App'x 519, 521 n.1 (3d Cir. 2006). A party seeking default judgment is not entitled to relief as a matter of right; rather, the Court may enter default judgment "only if the plaintiff's factual allegations establish the right to the requested relief." *Nautilus Ins. Co. v. Triple C. Const. Inc.*, No. 10-2164, 2011 WL 42889, at *4 (D.N.J. Jan. 6, 2011). Thus, before entering default judgment, the Court must: "(1) determine it has jurisdiction both over the subject matter and parties; (2) determine whether defendants have been properly served; (3) analyze the [c]omplaint to determine whether it sufficiently pleads a cause of action; and (4) determine whether the plaintiff has proved damages." *Travelodge Hotels, Inc. v. Wilcox Hotel, LLC*, No. 17-0391, 2018 WL 1919955, at *3 (D.N.J. Apr. 23, 2018). At this juncture, the Court must accept all factual allegations as true, except with respect to damages. *Premium Sports, Inc. v. Silva*, No. 15-1071, 2016 WL 223702, at *1 (D.N.J. Jan. 19, 2016).

The Court turns first to jurisdiction and finds that it has personal and subject matter jurisdiction over the instant action. Independent is incorporated under the laws of the State of New Jersey and has its principal place of business at 224 West Street, South Hackensack, New Jersey. (Am. Compl. ¶ 17). The Court thus has personal jurisdiction over Independent. *See Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014) ("With respect to a corporation, the place of incorporation and principal place of business are 'paradig[m] . . . bases for general jurisdiction.'") (alteration in original).

Section 301 of the LMRA provides the Court with jurisdiction over "suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce." 29 U.S.C. § 185. Because the Amended Complaint asserts claims against Independent for its breach of the CBA, which is allegedly a contract entered between Independent and the Union, the Court finds that it has subject matter jurisdiction over the instant action.

However, Plaintiffs fails to establish that service of process was proper. Plaintiffs argue in a conclusory manner that "[s]ervice of the [s]ummons and [the Amended] Complaint was made on Defendant Independent on August 6, 2020, by personally service at 224 West Street, South Hackensack, New Jersey 07606." (D.E. No. 16-1 ("Pl. Mov. Br.") at 3). The record shows, however, that service was made on Independent's "Custodian of Records." (D.E. No. 9). It is

unclear to the Court that service on a "Custodian of Records" is proper for the purpose of this action. *See Fletcher v. Gateway Group One*, No. 20-3413, 2021 WL 2651254, at *6 (D.N.J. June 28, 2021) (stating that it is the plaintiff's burden to show that a custodian of records qualifies as an appropriate person to receive service). Because Plaintiffs fail to provide any legal basis to support that service to Independent was proper when it was made on its "Custodian of Records," the Court is not persuaded that Plaintiffs properly effectuated service and must deny the Motion. *See id.*; *Gold Kist, Inc. v. Laurinburg Oil Co., Inc.*, 756 F.2d 14, 19 (3d Cir. 1985) ("Before the Court can enter default judgment, it must find that process was properly served on the [d]efendant.").

Because proper service is a threshold issue, courts generally do not address the remaining considerations for default judgment motions. In the interest of judicial efficiency, however, the Court will point out the other deficiencies in Plaintiffs' Motion.

Preliminarily, Plaintiffs fail to establish that they have sufficiently pleaded legitimate causes of action. "[T]he Court must decide whether 'the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law.'" *Primo No. One in Produce, Inc. v. VG Sales LLC*, No. 16-1395, 2017 WL 202169, at *2 (D.N.J. Jan. 18, 2017) (quoting *Chanel, Inc. v. Gordashevsky*, 558 F. Supp. 2d 532, 535 (D.N.J. 2008)). Here, despite the Court's September 29, 2020 Letter Order directing Plaintiffs to address whether a sufficient cause of action was stated, Plaintiffs do not even attempt to discuss any of the five aforementioned causes of action. (D.E. No. 13 at 1; *see generally* Pl. Mov. Br.). For example, Plaintiffs fail to identify the provisions in the CBA regarding Independent's obligations relating to the surety bond, auditing of the records, fringe benefit contributions, and dues checkoffs. They also fail to point to the terms of the CBA that entitle *each plaintiff* to the relief sought, let alone identify well-pleaded factual allegations supporting such claims. Plaintiffs' brief thus falls woefully short of showing that the Amended Complaint sufficiently states a claim.

In addition, aside from attorneys' fees and costs, Plaintiffs fail to analyze or provide any support for the various relief they seek. (*See generally* Pl. Mov. Br.). For example, Plaintiffs seek broad injunctive relief such as to "[p]ermanently restraint and enjoin [Independent] from continuing to violate the terms of the current CBA." (Am. Compl. ¶ 51(A); *see also* D.E. No. 16-4 ("Prop. Order") at 2). But Plaintiffs do not analyze the relevant factors for injunctive relief. *See Trs. of Refrigeration, Air Conditioning & Serv. Div. (UA-NJ) Pension Fund v. MAP Refrigeration, Inc.*, No. 18-1061, 2019 WL 4143006 (D.N.J. Aug. 31, 2019) (denying similarly broad-reaching injunctive relief when the plaintiffs did not analyze the relevant factors). As another example, Plaintiffs generally ask the Court to order Independent to "specifically perform all obligations to the Funds under the CBA." (Am. Compl. ¶ 33(B); Prop. Order at 3). But Plaintiffs provide no legal or factual support for granting specific performance. As a last example, Plaintiffs seek an order from the Court that, if Independent fails to provide a surety bond or cash bond in the amount of $50,000.00, judgement will be entered "in favor of Plaintiffs in the amount of $50,000.00." (Prop. Order at 3). Plaintiffs point to nothing in the Amended Complaint, the CBA, or the law to support the monetary reward, as opposed to the posting of a surety bond.

Based on the foregoing, Plaintiffs' Motion is DENIED *without prejudice*. Within 7 days after the entry of this Letter Order, Plaintiffs shall file a letter with the Court specifying how they

intend to proceed, at which point the Court will provide further guidance on schedule. If Plaintiffs wish to file a renewed motion for default judgment, they must address the sufficiency of service with legal and factual support, identify the applicable provisions in the CBA supporting the asserted causes of action, identify the factual underpinnings supporting the asserted claims, as alleged in the Amended Complaint, and submit evidence and present arguments to support the relief sought. To the extent necessary, Plaintiffs may drop any insufficiently pleaded claims. Alternatively, Plaintiffs have the option to file a second amended complaint to address any pleading and service deficiencies, and such motion must be filed in accordance with this Court's Local Civil Rules, including Rules 7.1 and 15.1. Regardless, any failure to meet the deadline or to cure the deficiencies identified by the Court may result in a ruling against Plaintiffs *with prejudice* and, when proper, a closure of this case.

**SO ORDERED.**

*s/Esther Salas*
**Esther Salas, U.S.D.J.**
